UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BILLY RAY HOUSER #252592,

        Plaintiff,        Case No. 2:09-cv-136

v.        Honorable Gordon J. Quist

COUNTY OF MUSKEGON,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Billy Ray Houser #252592 filed this "complaint for declaratory judgment" pursuant to 28 U.S.C. § 2201 and § 2202. The court initially noted that Plaintiff was seeking to indirectly attack his state court conviction for criminal sexual conduct and ordered that Plaintiff pay the $5.00 filing fee for a petition for writ of habeas corpus. Plaintiff subsequently filed a motion for reconsideration, asserting that he intended to file this action as a "Declaratory Judgment Complaint" pursuant to 28 U.S.C. §§ 2201, 2202" insisting that he is not seeking habeas corpus relief and that the court should not re-characterize the nature of pleadings. Plaintiff's motion was granted on August 25, 2009, and Plaintiff was ordered to file an amended complaint. Plaintiff has now filed a motion to use his originally filed complaint (docket #19). The court will grant Plaintiff's motion.

In his complaint, Plaintiff claims that the old statutory rape statute was unconstitutionally altered by Public Act 266 of 1974. Thus, the claim must be considered in the context of this Court's habeas corpus jurisdiction under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the

fact or duration of his confinement and seeks immediate or speedier release). "A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254." *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). Plaintiff appears to have been imprisoned pursuant to a state conviction following a proceeding in the Muskegon County Circuit Court. Therefore, Plaintiff's claim is properly analyzed as one filed pursuant to § 2254.

Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where a civil action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a civil action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)). Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Moreover, as noted above, Plaintiff seeks to invoke the district court's jurisdiction pursuant to the Declaratory Judgment Act. That Act is not a source of jurisdiction, which must be

based on an independent source. *See Borden v. Katzman,* 881 F.2d 1035, 1037 (11th Cir.1989). Therefore, having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: March 10, 2010

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).